1
DAVID J. MICLEAN (SBN 115098)
dmiclean@micleangleason.com

2
CARMEN M. AVILES (SBN 251993)
caviles@micleangleason.com

3
DANIELLE MIHALKANIN (SBN 271442)
dmihalkanin@micleangleason.com

4
MICLEAN GLEASON LLP
411 Borel Avenue, Suite 310

5
San Mateo, CA  94402
Telephone:  (650) 684-1181

6

7
JOSHUA G. JONES (*pro hac vice pending*)
jjones@jgjoneslaw.com

8
THE LAW OFFICE OF JOSHUA G. JONES
609 Castle Ridge Road, Suite 450

9
Austin, TX  78746
Telephone:  (512) 552-6123

10

11
C. ASHLEY CALLAHAN (*pro hac vice pending*)
acallahan@callahanlawoffices.com

12
LAW OFFICES OF C. ASHLEY CALLAHAN, P.C.
1101 E. Eleventh Street

13
Austin, TX  78702
Telephone:  (512) 817-3977

14

15
Attorneys for Plaintiff
Keith F. Bell, Ph.D.

16

17
**UNITED STATES DISTRICT COURT**

18
**NORTHERN DISTRICT OF CALIFORNIA**

19

20
KEITH F. BELL, PH.D.,

21
　　　　Plaintiff,

22
v.

23
PACIFIC RIDGE BUILDERS, INC.; THOMAS

24
NEWMAN; and Does 1 to 20,

25
　　　　Defendants.

26

27

28

Case No.

**COMPLAINT FOR:**

(1)　**COPYRIGHT INFRINGEMENT**
(2)　**TRADEMARK INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff, Keith F. Bell, Ph.D. ("Dr. Bell" or "Plaintiff"), files this Complaint to recover damages arising from violations of Dr. Bell's intellectual property rights by Defendants Pacific Ridge Builders, Inc. ("Pacific"), Thomas Newman ("Newman"), and Does 1-20 (collectively, "Defendants"). In support of his claims, Plaintiff states as follows:

## PARTIES

1.    Plaintiff is, and at all relevant times has been, a resident of Texas.

2.    Pacific Ridge Builders, Inc. is a California corporation that may be served through its registered agent Patrick R. Bartelmie at 1011 W. Taylor Street, San Jose, California 95054.

3.    Mr. Newman is a natural person and a resident of California. Mr. Newman is the president and CEO of Pacific. Mr. Newman may be served at 1500 Wyatt Drive, Suite 14, Santa Clara, California 95054, or wherever Mr. Newman may be found.

4.    The true names of Does 1-20 are unknown at this time but are believed to have contributed to the injury sustained by Dr. Bell, and Dr. Bell therefore sues these defendants by such fictitious names. Does 1-20 were, at all times relevant to this action, employees or agents of one or more Defendants. When the true names and capacities of the fictitiously named Defendants are ascertained, Dr. Bell will amend the Complaint to reflect their true names.

5.    Defendants Pacific, Newman, and Does 1-20 are referred to herein as "Defendants."

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 & 1338 in that the claims arise under an act of Congress relating to copyrights.

7.    This Court has jurisdiction over the Defendants because they reside and/or are domiciled in California, conduct business in California, have their principal places of business in California, and committed the wrongful acts at issue in this case in California.

8.    Plaintiff contends that there is both specific and general jurisdiction over Defendants in California, that Defendants have sufficient minimum contacts to satisfy due process, and that the exercise of jurisdiction over Defendants comports with traditional notions of fair play and substantial justice.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district and because at least one Defendant has its principal place of business and/or domicile in this state within this judicial district and division.  Alternatively, there is no other federal judicial district that could adjudicate all claims and all parties in this case.

## FACTUAL BACKGROUND

**A.      Dr. Bell and His Sports Psychology Practice**

10.      Dr. Bell is an internationally recognized sports psychology and performance consultant. He has worked as a sports psychologist with over 500 teams, including the Olympic and national teams for the United States, Canada, Australia, New Zealand, Hong Kong, Fiji, and the Cayman Islands.

11.      In addition to his work with sports teams, Dr. Bell speaks at national and international coaching symposia.  Among others, he has been a featured speaker with the American Swim Coaches Association, Australian Coaches Association, Canadian Coaches Association, Japanese Coaches Association, North American Soccer Association, United States Olympic Sports Medicine Symposium, National High School Coaches Association, and British Swim Coaches Association.

12.      Dr. Bell has also enjoyed success as an athlete and coach.  He is a four-time collegiate All-American swimmer, holds numerous world and national masters swim records, and has coached U.S. national, university, collegiate, high school, and club swimming teams.

13.      Further, Dr. Bell has authored and had published 10 books and over 80 articles relating to sports psychology and sports performance. He also has been a regular columnist for national swimming publications such as *Swimmers, Swimmers Coach, SwimSwam,* and *Swim Texas Magazine*, and is a periodic contributor to *Austin Fit Magazine*.

**B.      Dr. Bell's Original Literary Work, *Winning Isn't Normal***

14.      In 1981, Dr. Bell wrote the book entitled *Winning Isn't Normal* ("*Winning Isn't Normal*" or the "Infringed Work"), which was first published in 1982.  The book has enjoyed substantial acclaim, distribution, and publicity.  Dr. Bell is the sole author of this work and continues to own all rights in the work.

2

15.     Dr. Bell holds a copyright registration for the Infringed Work.  A copyright registration certificate for *Winning Isn't Normal* was issued to Dr. Bell by the United States Copyright Office on or about September 21, 1989, with the registration number TX-0002-6726-44.  A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit A**.

16.     Since Dr. Bell authored and published the Infringed Work, *Winning Isn't Normal*, he has and continues to promote, distribute, offer for sale, and sell numerous copies of the work.  Currently, among others, Dr. Bell offers *Winning Isn't Normal* for sale through Amazon.com and the website keelpublications.com.

17.     Dr. Bell has made and continues to make meaningful efforts to create a market for *Winning Isn't Normal* and to protect and enjoy the rights afforded to him under the Copyright Act. Importantly, as part of these efforts, Dr. Bell creates, markets, and sells works derivative of the Infringed Work, such as posters and t-shirts that display a particular passage from *Winning Isn't Normal* (the "WIN Passage").  The WIN Passage is viewed by Dr. Bell and others as the heart of Dr. Bell's literary work *Winning Isn't Normal*.  A true and correct copy of the WIN Passage is attached as **Exhibit B**.

18.     Dr. Bell owns the domain winningisntnormal.com, which points to the keelpublications.com website where Dr. Bell offers the Infringed Work *Winning Isn't Normal* and derivative works for sale.

19.     Due to the popularity of his original work *Winning Isn't Normal*, Dr. Bell has been able to increase his international recognition as an authority in sports psychology and sports performance and has been asked to speak at conferences, symposia, and other engagements as a result.

20.     Dr. Bell has offered and continues to offer licenses at fair and reasonable rates to others who wish to publish or otherwise use the popular WIN Passage on the internet or in traditional publishing mediums.

21.     Dr. Bell has taken due care to provide notice of his copyright in *Winning Isn't Normal*. Dr. Bell has included pertinent copyright notices on physical and electronic copies of *Winning Isn't Normal* and derivative works, provides pertinent copyright notices on Amazon.com and keelpublications.com, and includes a conspicuous copyright watermark on digital images of derivative works (such as posters) or excerpts that he posts online or otherwise distributes.  Dr. Bell also includes

information on keelpublications.com regarding how to contact Dr. Bell about obtaining permission to use the WIN Passage or other portions of *Winning Isn't Normal*.

22.     Because of Dr. Bell's commercial efforts, Dr. Bell enjoys trademark protection in the word mark WINNING ISN'T NORMAL, which he uses in connection with various goods and services, including his Winning Isn't Normal® series of books, of which *Winning Isn't Normal* is part.  The United States Patent and Trademark Office issued a trademark registration to Dr. Bell for WINNING ISN'T NORMAL for printed matter on November 4, 2014, with a registration number of 4630749.  A copy of the trademark registration is attached as **Exhibit C**.

23.     Pursuant to Section 33(b) of the Lanham Act, registration of the WINNING ISN'T NORMAL® mark is conclusive evidence of the validity of the registered mark and of Dr. Bell's right to use the registered mark in commerce in connection with the goods or services specified in the registration.

24.     As a result of the unique and distinctive nature of Dr. Bell's WINNING ISN'T NORMAL® mark and his continued commercial use of the mark, "Winning Isn't Normal" has become widely associated with Dr. Bell and his printed material and related goods and services.  The WINNING ISN'T NORMAL® mark is indicative to consumers that printed material and related items bearing the WINNING ISN'T NORMAL® mark originate from or are affiliated with, sponsored, or approved by Dr. Bell.

**C.     Defendants' Infringement of Dr. Bell's Work**

25.     Pacific Ridge Builders, Inc. is a private corporation located in Santa Clara, California.

26.     On or about April 21, 2018, Defendant Newman posted a direct copy of Dr. Bell's WINNING ISN'T NORMAL poster complete with Dr. Bell's copyright watermark on his LinkedIn page.  A copy of the WIN Poster as posted by Mr. Newman is attached as **Exhibit D**.  At least as late as August, 9 2018, and after repeated contacts by Dr. Bell, Mr. Newman's posting of the WIN Poster remains on Pacific employees' Carl Bailey and Mike LeDeit's LinkedIn pages.

27.     This publication was made without authorization from Dr. Bell.

28.     Defendants did not contact Dr. Bell to request permission to use Dr. Bell's copyrighted work.

4

29.     Dr. Bell sent a cease and desist letter to Pacific on July 24, 2018.  Defendants have refused to admit liability, engage in meaningful settlement negotiations, or even fully remove the infringing posts and have instead threatened Dr. Bell with claims of attorney's fees for simply attempting to enforce his intellectual property rights.

**FIRST CAUSE OF ACTION**
**<u>COPYRIGHT INFRINGEMENT</u>**
**(Against All Defendants)**

30.     The allegations of paragraphs 1-29 are incorporated as though fully set forth herein.

31.     Plaintiff owns a valid copyright in the Infringed Work.

32.     Defendants have, without authorization, copied one or more of the constituent elements of the Infringed Work that are original.

33.     Defendants copied the heart of the Infringed Work almost verbatim, rendering the offending works substantially similar to and/or functionally identical to the Infringed Work.

34.     Defendants' copying of the Infringed Work was done willfully and intentionally in violation of federal copyright law, with knowledge that an agreement had not been reached with Plaintiff regarding such copying, and with knowledge that neither a license nor an assignment had been granted to Defendants allowing them to copy or use the Infringed Work.

35.     Defendants have, without authorization, publicly displayed one or more of the constituent elements of the Infringed Work that are original.

36.     Defendants' public display of the heart of the Infringed Work was done willfully and intentionally in violation of federal copyright law, with knowledge that an agreement had not been reached with Plaintiff regarding such public display, and with knowledge that neither a license nor an assignment had been granted to Defendants allowing them to publicly display the Infringed Work.

37.     By so copying and publicly displaying the Infringed Work, Defendants have willfully infringed Plaintiff's copyrights therein, for which infringement Plaintiff is entitled to injunctive relief and to recover damages in the form of either Defendants' actual profits attributable to the infringements

5

or, in the alternative and at Plaintiff's election, statutory damages.  Defendants should also be required to pay Plaintiff's attorneys' fees, as authorized by law, associated with its copyright infringement.


**SECOND CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT**
**(Against All Defendants)**

38.     Plaintiff incorporates and re-alleges every allegation in Paragraphs 1-37 as if set forth fully herein.

39.     As a cause of action and ground for relief, Plaintiff alleges that Defendants have engaged in trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. Section 1114(1).

40.     The WINNING ISN'T NORMAL trademark is federally registered for use in relation to the following goods:  "Printed matter, namely, non-fiction publication ns, namely, books, booklets, pamphlets, articles, manuals and posters in the field of sports, fitness, and competitive performance and psychology."  See the attached trademark registration at **Exhibit C**.

41.     The Defendants included Plaintiff's trademark in the publication and post discussed herein.  The Defendants used Plaintiff's trademark without the Plaintiff's knowledge or permission and without attribution to Plaintiff.

42.     The publication and post lacked Plaintiff's name, and some readers are likely to be confused so as to infer that the text shown in the post was originated by the Defendants, rather than by Plaintiff, and/or that the infringing publication and post were affiliated with, sponsored, or approved by Plaintiff.

43.     Defendants have infringed Plaintiff's right to be identified and distinguished from others through use of the trademark.

44.     Defendants' willful and deliberate acts described above have caused injury and damages to Plaintiff and have caused injury to Plaintiff's goodwill.

45.     As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

46.     Defendants have infringed Plaintiff's registered trademark, and therefore Plaintiff is entitled to costs of suit pursuant to the Lanham Act at 15 U.S.C. § 1117.  This is also an exceptional case under the Lanham Act in which attorney fees should be awarded to Plaintiff.

## ATTORNEY FEES

47.     Because of Defendants' willful and intention infringement of Plaintiff's copyrights, Plaintiff has been required to retain the services of attorneys to protect his rights and interests.  Based upon the foregoing, Plaintiff respectfully requests that this Court award costs of court and reasonable attorneys' fees as part of the requested relief, pursuant to 17 U.S.C. § 505.

48.     Plaintiff is also entitled to recover attorney fees for trademark infringement, because this is an exceptional case under the Lanham Act.

## PRAYER

WHEREFORE, Plaintiff requests the following relief:

1.     That the Court issue an injunction prohibiting Defendants and those acting in concert with them from:

      a)     Infringing Plaintiff's federal trademark registration;

      b)     Copying, using, or publicly displaying the Infringed Work or constituent elements thereof that are original;

      c)     Creating any derivative works based on the Infringed Work (either individually or with a third party) without first obtaining a license or assignment from Plaintiff that allows Defendant to do so; and

      d)     Otherwise infringing the rights of Plaintiff with respect to the Infringed Work and Plaintiff's trademark.

2.     A judgment awarding damages to Plaintiff based on each of the claims asserted herein, including actual, consequential, incidental, and all other types of damages authorized by law necessary to make Plaintiff whole under applicable law;

3.     Actual damages, profits, and/or statutory damages based on copyright infringement;

COMPLAINT – JURY TRIAL DEMANDED

4.      Actual damages, profits, and/or statutory damages based on trademark infringement;

5.      That an accounting be directed to determine the profits of Defendants resulting from their activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances;

6.      Reasonable and necessary attorney fees pursuant to 17 U.S.C. § 505, the Lanham Act, and other law;

7.      The injunctive relief and all necessary findings requested herein;

8.      Pre-judgment and post-judgment interest at the highest rate allowed by law;

9.      Costs of bringing this claim; and

10.     Such other relief at law or in equity to which Plaintiff shows himself justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.


Dated:  March 11, 2019                    Respectfully Submitted,
                                          MICLEAN GLEASON LLP


                                          By: _____/s/ *David J. Miclean*_____
                                              David J. Miclean
                                              Carmen M. Aviles
                                              Danielle Mihalkanin
                                              Attorneys for Plaintiff Keith F. Bell, Ph.D.


Dated:  March 11, 2019                    Respectfully Submitted,
                                          THE LAW OFFICE OF JOSHUA G. JONES


                                          By: _____/s/ *Joshua G. Jones*_____
                                              Joshua J. Jones
                                              Attorneys for Plaintiff Keith F. Bell, Ph.D.

COMPLAINT – JURY TRIAL DEMANDED