1  Craig Alan Hansen, Esq. (SBN 209622)
       Email: craig@hansenlawfirm.net
2  Sarah Wager, Esq. (SBN 209277)
       Email: sarah@hansenlawfirm.net
3  Bruno Tarabichi, Esq. (SBN 215129)
       Email: bruno@hansenlawfirm.net
4  HANSEN LAW FIRM, P.C.
   75 E. Santa Clara Street, Suite 1250
5  San Jose, CA 95113
   Telephone:     (408) 715-7980
6  Facsimile:     (408) 715-7001

7  Attorneys for Defendants
   PACIFIC RIDGE BUILDERS, INC. and THOMAS
8  NEWMAN

9                   **UNITED STATES DISTRICT COURT**

10                  **NORTHERN DISTRICT OF CALIFORNIA**

11

12  KEITH F. BELL, Ph.D                 Case No. 3:19-cv-01307 (JST)

13          Plaintiff,                  **NOTICE OF MOTION AND MOTION
                                        TO DISMISS AMENDED COMPLAINT**
14       vs.
                                        DATE:           June 6, 2019
15  PACIFIC RIDGE BUILDERS, INC.;       TIME:           2:00p.m.
    THOMAS NEWMAN; MIKE LEDEIT and      COURTROOM:      9
16  DOES 1 to 20,                       Before the Honorable Jon S. Tigar

17          Defendants.

18

19                   **NOTICE OF MOTION AND MOTION**

20          PLEASE TAKE NOTICE that on Thursday, June 6, 2019, at 2:00 p.m., or as soon

21  thereafter as the matter can be heard, in the Courtroom of the Honorable Jon S. Tigar, located at

22  the San Francisco Courthouse, Courtroom 9 - 19th Floor, 450 Golden Gate Avenue, San

23  Francisco, CA 94102, California, Defendants Pacific Ridge Builders, Inc. and Thomas Newman

24  will and hereby do, move for an order dismissing all of the causes of action in the amended

25  complaint, pursuant to Fed. Rule Civ. Pro. 12(b)(6), for failure to state a claim upon which relief

26  may be granted.

27          The motion will be based on this Notice of Motion and Motion, the Memorandum of

28  Points and Authorities below, and the [Proposed] Order filed herewith.

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3        The allegations supporting plaintiff's claim that Defendants Pacific Ridge Builders, Inc.

4    ("Pacific") and its President and CEO, Thomas Newman ("Mr. Newman") infringed his

5    copyrighted work and trademark consist of a handful of conclusory statements and unwarranted

6    deductions of fact which ask the Court to draft unreasonable inferences. They do not come close

7    to meeting the requisite pleading standard to state a claim for relief in this matter.

8        Indeed, all the complaint alleges is that Mr. Newman posted a "poster" of plaintiff's

9    copyrighted work (titled with the trademark) on his personal LinkedIn page along with a

10   statement that referred to exercising with his college buddy when they used to be in training.

11   Even taken as true for purposes of a motion to dismiss, the alleged conduct does not equate to

12   copyright or trademark infringement as a matter of law, and the Court should dismiss the

13   complaint.

14   **II.    FACTUAL BACKGROUND**

15       Plaintiff filed his original complaint against defendants Pacific and Newman on March 11,

16   2019.  Dkt. No. 1.  The complaint contained causes of action for copyright infringement and

17   trademark infringement based on a single post on Mr. Newman's personal LinkedIn page

18   complimenting a passage he had seen long ago while training in college sports.  *See id*.

19       Defendants timely moved to dismiss the original complaint and plaintiff voluntarily

20   amended.  Dkt. Nos. 14, 17.  Like the original complaint, the amended complaint contains causes

21   of action for copyright and trademark infringement against Pacific and Newman, and adds Mike

22   LeDeit as a named defendant, alleged to be Pacific's General Superintendent. [1] Dkt. No. 17 at ¶4.

23       The amended complaint alleges that Plaintiff is a renown sports psychologist and sports

24   performance consultant who owns the copyright to his *Winning Isn't Normal* book (referred to as

25   the "Infringed Work") (Dkt. 17 ¶16) and a trademark for the same phrase (Dkt. 17 ¶23).  *See*

26   *generally*, Dkt. 17 ¶¶ 11-25.  It further alleges that plaintiff "markets and sells works derivative of

27

28   ────────────────────
     [1] Pacific and Newman are informed and believe that defendant LeDeit has not yet been served with the complaint.

1   the Infringed Work, such as posters and t-shirts that display a particular passage from Winning

2   Isn't Normal (the 'WIN Passage')."   Dkt. 17 ¶ 18.

3        The Complaint alleges that "Defendants" willfully and intentionally infringed plaintiff's

4   copyright and trademark. *See* Dkt. 17 ¶¶ 36-53.  It is premised exclusively on a LinkedIn post

5   made by Mr. Newman on "his" page that included a poster with plaintiff's copyrighted work and

6   containing his trademark and commentary to it.  *Id*. ¶ 27.  Indeed, the entire backbone of the

7   amended complaint is contained in Paragraph 27, which reads:

8        On or about April 21, 2018, Defendant Newman posted a direct copy of Dr. Bell's

9        WINNING ISN'T NORMAL poster complete with Dr. Bell's copyright

10       watermark on his LinkedIn page.  A copy of the WIN poster as posted by Mr.

11       Newman and Mr. LeDeit is attached as Exhibit D.  As least as late as August 9,

12       2018, after repeated contacts by Dr. Bell, Mr. Newman's posting of the WIN

13       poster remains on LeDeit's LinkedIn page.

14  Exhibit D shows that, above the allegedly infringing "poster," there is a comment with Mr.

15  Newman's name reading: "I remember receiving this from a close friend and teammate in college

16  when we were racking up the miles during our summer training runs in Eugene."  Dkt. 17, Exh.

17  D.  The same note is visible on Mr. LeDeit's post.  *See id*.

18       The remaining allegations, concerning ownership and control over the LinkedIn Pages and

19  the commercial nature of the post and its purpose, are conclusory legal statements and improper

20  inferences dressed up as facts.  They do not and cannot support the infringement claims asserted

21  in the amended complaint.

22  **III.   ARGUMENT**

23       **A.   Standards Governing this Motion**

24       Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a pleading for failure to state a claim.

25  To survive a Rule 12(b)(6) motion, the complaint must "state a claim to relief that is plausible

26  on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). "A claim has facial

27  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

28  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

1    662, 678 (2009).  Although the Court must accept as true a complaint's well-pleaded facts,

2    "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper

3    motion to dismiss." *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). "A pleading that

4    offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

5    not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

6    enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

7        In addition to the pleading itself, a court may consider exhibits attached to a complaint in

8    connection with a motion to dismiss.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480,

9    1484 (9th Cir. 1995) ("When a plaintiff has attached various exhibits to the complaint, those

10   exhibits may be considered in determining whether dismissal was proper without converting the

11   motion to one for summary judgment.").

12       Even a cursory review of the amended complaint and exhibits makes clear that it does not

13   satisfy the pleading standards articulated by the Supreme Court in *Twombly* and *Iqbal,* and

14   dismissal is therefore proper.

15       **B.      The Complaint Fails to State a Cause of Action for Copyright Infringement**

16       To state a claim for direct copyright infringement, a plaintiff must "plausibly allege" two

17   things: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work

18   that are original." *Rentmeester v. Nike, Inc*., 883 F.3d 1111, 1116–1117; *Feist Publications, Inc.*

19   *v. Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991).

20       As an initial matter, the amended complaint fails to state a claim against Pacific for direct

21   copyright infringement because it does not allege that Pacific copied anything, or violated any of

22   plaintiff's other exclusive rights under the Copyright Act.  *See* 17 U.S.C. §§ 106, 501(a).  While

23   the complaint strategically groups Pacific and Newman together by referring to them (along with

24   defendant LeDeit and the Doe defendants) as ("Defendants"), the alleged "copying" and "public

25   display" was on Newman's (and LeDeit's) personal LinkedIn page, not on the Pacific LinkedIn

26   page.  *See* Dkt. 17 ¶ 28.  The amended complaint does not allege any conduct on the part of

27   Pacific, only that Newman is the company's president and CEO, and LeDeit, its superintendent.

28   *See* Dkt. 17 ¶ 28-29.

Nor does the Complaint contain any factual or legal elements to state a claim against Pacific for contributory or vicarious copyright infringement.  Plaintiff's allegations concerning Pacific's purported financial benefit from Newman's (and LeDeit's) personal LinkedIn page, and control over the page are legal conclusions with no factual support.  *See* Dkt. 17 ¶ 28-30.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.  Moreover, if taken as true, these conclusory allegations still do not state a claim upon which relief could be granted.  The Court should dismiss the copyright claim against Pacific on this basis.

Additionally, even if the posting could somehow be attributed to Pacific for purposes of this motion, the Court should dismiss the copyright infringement claim against both defendants based on fair use.  "[T]he fair use of copyrighted work, including such use by reproduction…for purposes of…comment, is not an infringement of copyright." 17 U.S.C. §107. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include-- (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work.

As Exhibit D to the Amended Complaint shows, Newman posted an image of the WIN passage on his personal LinkedIn page, with a comment about receiving it during college days training with his buddy.  Dkt. 17.  There is no allegation that the use was commercial in nature (beyond a recitation of that statement without any facts); rather it merely shows Mr. Newman sharing a fond memory.

As to the nature of the copyrighted and work and the amount posted; although the image is a creative expression, the "poster" posted by Newman was part of a book that he read, and he did not post the entire book.  Moreover, according to the amended complaint, Mr. Newman did not even post the entirety of plaintiff's popular copyrighted passage.  *See* Dkt. 17 at ¶31.

Lastly, there is no allegation that Defendants made any financial gain as a result of the

1  post, and there is no conceivable economic to harm plaintiff's existing or future sales from this

2  posting as to the effect of the use upon the potential market for or value of the copyrighted work.

3  As the amended complaint shows, Newman painted the excerpt in a positive light which

4  essentially endorsed plaintiff's work.  This contradicts plaintiff's allegation that people will not

5  purchase plaintiff's book or other materials that incorporate the WIN passage because of the

6  alleged infringement.  *Compare* Dkt. 17 ¶32 *with* Dkt. 17, Exh. D.  A court may disregard

7  allegations in the complaint if contradicted by facts established by reference to documents

8  attached as exhibits to the complaint.  *Seven Arts Filmed Ent'mt Ltd. v. Content Media Corp.*

9  *PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (courts are "not required to accept as true allegations

10  that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or

11  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

12  inferences") (dismissing copyright infringement lawsuit on a Rule 12(b)(6) motion); *see also*

13  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

14  The Court should dismiss the cause of action for copyright infringement.

15  **C.    The Complaint Fails to a State Cause of Action for Trademark Infringement**

16  A cause of action for federal trademark infringement will lie where "the defendant's use of

17  the same or similar mark [to that of the plaintiff] would create a likelihood of consumer

18  confusion." *Mintz v. Subaru of America, Inc*., No. 16-CV-03384-MMC, 2016 WL 5909360, at *1

19  (N.D. Cal., Oct. 11, 2016) (dismissing trademark claim at the pleading stage), *aff'd* 716

20  Fed.Appx. 618 (9th Cir. 2017).  This means that "that the public is likely to be somehow confused

21  about the source or sponsorship of [the defendant's goods] and somehow to associate that

22  [product] with [the plaintiff]." *Id*. (citing *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp*.,

23  174 F.3d 1036, 1053 (9th Cir. 1999). "The confusion must be probable, not simply a possibility."

24  *Id*. (citing *Murray v. Cable Nat'l Broadcasting Co*., 86 F.3d 858, 861 (9th Cir. 1996)).

25  **1.    There is No Allegation of Trademark Use**

26  Infringement of a federally registered trademark under the Lanham Act requires that the

27  "use" by the defendant[s] be a "use in commerce" and "in connection with the sale, offering for

28  sale, distribution, or advertising of any goods or services on or in connection with which such use

1   is likely to cause confusion, or to cause mistake, or to deceive." 4 McCarthy on Trademarks and

2   Unfair Competition § 25:53 (5th ed.) (citing 15 U.S.C §1114); *see also Marvel Enterprises, Inc.*

3   *v. NCSoft Corp.*, No. CV 04-9253RGKPLAX, 2005 WL 878090, at *5 (C.D. Cal., Mar. 9, 2005)

4   (granting motion to dismiss because complaint did not allege that the trademarks were used in

5   commerce in connection with any sale or advertising of goods and services).

6       There is no question that the amended complaint does not – and cannot – satisfy the "use"

7   requirement sufficient to state a cause of action for trademark infringement.  Indeed, Newman's

8   posting of a "poster" on his personal LinkedIn page along with the comment: "I remember

9   receiving this from a close friend and teammate in college when we were racking up the miles

10  during our summer training runs in Eugene" (Dkt. 17, Exh. D), is not use in commerce in

11  connection with the sale, offering for sale, distribution, or advertising of any goods or services.

12  "Reference to another's trademark is not actionable if it does not occur in connection with the

13  offer of goods or services, i.e., if the 'use' made of the mark is not 'trademark use.'"  6 Callmann

14  on Unfair Comp., Tr. & Mono. § 22:74 (4th Ed.).

15              **2.       Confusion is Unlikely as a Matter of Law**

16      Even if the amended complaint sufficiently alleged use, the facts as alleged (taking into

17  account the attached Exhibit D) make clear that there is no likelihood of confusion, nor can

18  plaintiff allege it. "Generally, a determination of whether there exists a likelihood of confusion

19  requires examination of eight different 'factors,' including the 'similarity of the conflicting

20  designations,' the 'marketing channels used,' and 'evidence of actual confusion.' *Mintz*, 2016 WL

21  5909360, at *1 (quoting *Brookfield Communications*, 174 F.3d at 1053-54).  While "such

22  determination is often made in the context of a motion for summary judgment" in some instances

23  "the question of whether a likelihood of confusion exists can be determined at the pleading stage

24  and based on a consideration of less than all of the factors, such as where the parties 'have

25  obviously dissimilar marks' or where the 'goods' or 'services' of the parties are 'unrelated.'

26  *Mintz*, 2016 WL 5909360, at *1.[2]  "If the court determines as a matter of law from the pleadings

27

28  [2] The Ninth Circuit looks to "the following factors for guidance in determining the likelihood of confusion: similarity of the conflicting designations; relatedness or proximity of the two companies' products or services; strength of

1   that the goods are unrelated and confusion is unlikely, the complaint should be dismissed."

2   *Murray*, 86 F.3d at 860.

3        Here, confusion is unlikely because the goods/services of the parties are unrelated.

4   Plaintiff touts himself as "an internationally recognized sports psychology and performance

5   consultant" who has published books and articles "relating to sports psychology and sports

6   performance." Dkt. 17 at ¶11-14.  As indicated by its name, defendant Pacific Ridge Builders is a

7   construction company; defendant Thomas Newman is its president and CEO.  Dkt. 17 ¶2-3.

8        Plaintiff's "recognition as an authority in sports psychology and sports performance"

9   (Dkt. 17 ¶ 20) and his WINNING ISN'T NORMAL trademarked phrase for printed goods "in the

10  field of sports, fitness, and competitive performance and psychology" (Dkt. 17, Exh. C)  is not

11  likely to be confused with Pacific's construction services or Mr. Newman's employment as

12  Pacific's president and CEO (or Mr. LeDeit's employment as Pacific's superintendent).  This is

13  particularly true because, as stated above, there is no commercial use of the trademark.  The

14  complaint's bald allegation that the alleged "infringements" were "commercial in nature" in that

15  "they were meant to publicize and promote defendant Pacific" (Dkt. 17 ¶ 30) do not satisfy the

16  plausibility requirement and are merely unwarranted deductions of fact and unreasonable

17  inferences that the Court is not required to accept as true in ruling on this motion.  *See Seven Arts*,

18  733 F.3d at 1254; *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

19       Plaintiff attempts to save the trademark claim by alleging that "[r]eaders are likely to be

20  confused so as to infer that the text shown in the post was originated by the Defendants, rather

21  than by Plaintiff, and/or that the infringing publication and post were affiliated with, sponsored,

22  or approved by Plaintiff." Dkt. 17 ¶ 48.  But this last-hope allegation demonstrates that the claim

23  fails as a matter of law.

24       It is not facially plausible that readers would believe that the text or post was originated by

25  the Defendants.  As alleged in the amended complaint itself, "Defendant Newman posted a direct

26

27  [plaintiff's] mark; marketing channels used; degree of care likely to be exercised by purchasers in selecting goods;
[defendant's] intent in selecting its mark; evidence of actual confusion; and likelihood of expansion in product lines.

28  *Brookfield Communications*, 174 F.3d 1036, 1053–1054.

1   copy of Dr. Bell's WINNING ISN'T NORMAL poster *complete with Dr. Bell's copyright*

2   *watermark* on his LinkedIn page." Dkt. 17 ¶ 27 (emphasis added) and Exh. D (poster fully

3   attributed to Dr. Bell). The post of the "poster" taken as a whole, is attributed to plaintiff, so there

4   is no likelihood of confusion as to its source. Nor is a likelihood of confusion as to affiliation

5   sponsorship or approval plausible when reviewing the actual allegedly infringing post, not just the

6   artful pleading's characteristic of it. As the post itself makes clear, it shares the personal fond

7   memory of material received "from a close friend and teammate in college." Dkt. 17, Exh. D.

8       Even at the pleading stage, plaintiff's trademark infringement claim should be dismissed

9   for failure to state a claim upon which relief can be granted. *See, e.g. Murray*., 86 F.3d at 861

10   (affirming district court order dismissing trademark claim, finding that because the "parties'

11   services are unrelated, there is no likelihood of consumer confusion as a matter of law").

12       **3.    The Complaint Fails to Plead Secondary Infringement and There is None**

13       Lastly, the trademark claim fails as to Pacific because there are no factual allegations that

14   Mr. Newman's (or Mr. LeDeit's) individual LinkedIn page, or the posts make therefrom are

15   associated with or controlled by Pacific such that Pacific would be secondarily liable for the

16   alleged infringement. Rather, the allegations in the amended complaint as to Pacific's affiliation

17   with or control over its employees' LinkedIn pages are simply conclusory, unwarranted

18   deductions of fact and unreasonable inferences that do not save this improper claim from

19   dismissal. *See Seven Arts,* 733 F.3d at 1254. *See* Dkt. 17 ¶¶ 28-29.

20       Moreover, for there to be secondary liability for trademark infringement there must be a

21   direct infringement. *See* 4 McCarthy on Trademarks and Unfair Competition § 25:17 (5th ed.)

22   (by definition, there can be no liability for contributory infringement or vicarious infringement

23   unless there is direct infringement). As discussed above, there is no direct infringement here.

24       **D.    The Court Should Grant the Motion Without Leave to Amend**

25       Because further amendment would not cure the deficiencies in the amended complaint the

26   Court should dismiss it without leave to amend. "A district court can deny leave 'where the

27   amendment would be futile ... or where the amended complaint would be subject to dismissal.' "

28   *RDF Media Ltd. v. Fox Broad. Co*., 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005). Moreover, "[a]

1    district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has

2    previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (citing

3    *Sisseton–Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir.1996)).

4         Dismissal of a copyright claim without leave to amend is appropriate where there can be

5    no infringement as a matter of law.  *See, e.g. Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1123-24

6    (9th Cir. 2018) (affirming district court's Rule 12(b)(6) dismissal of copyright claim without

7    leave to amend; amendment would have been futile because the allegedly infringing works are as

8    a matter of law not substantially similar, and nothing disclosed during discovery could alter that

9    fact).  As discussed above, there is there is no copyright infringement as a matter of law.

10        Dismissal of a trademark claim without leave to amend is also appropriate where, as here,

11   the plaintiff cannot state a plausible cause of action for trademark infringement.  *See e.g. Eastland*

12   *Music Group, LLC v. Lionsgate Entertainment, Inc.*, 707 F.3d 869, 871-872 (7th Cir. 2013)

13   (dismissal without leave to amend proper where the trademark infringement allegations were "too

14   implausible to support costly litigation."); *see also Podiatrist Ass'n, Inc. v. La Cruz Azul De*

15   *Puerto Rico, Inc.*, 332 F.3d 6 (1st Cir. 2003) (dismissing claim because the plaintiffs' allegations

16   "do not implicate the use of any particular advertising or promotional medium" and that

17   "omission opened the Lanham Act count to dismissal under Rule 12(b)(6)").  Because Defendants

18   did not use plaintiff's trademark, and confusion is unlikely there is no possible theory that would

19   open up the door to their liability for infringement under the Lanham Act.

20   **IV.    CONCLUSION**

21        For the foregoing reasons, Defendants respectfully request that the Court dismiss the

22   Amended Complaint in its entirety.

23   DATED:  April 30, 2019              HANSEN LAW FIRM, P.C.

24

25                                      By:_____/s/ *Sarah Wager*_____
                                        SARAH WAGER
26                                      Attorney for Defendants
                                        PACIFIC RIDGE BUILDERS, INC. and
27                                      THOMAS NEWMAN

28